G. J. BOYLE *vs.* PATRICK WARD et al.

Cumberland.  Opinion January 8, 1924.

*When a party has promised to pay two sums, and is sued for nonpayment of one of such sums it is not reversible error to exclude evidence that he has paid the other.*

In the instant case it was shown that at some previous time, date not proved, the plaintiff had wired the defendant,—"Horses I shipped were good work horses." It cannot be assumed as a matter of law that in the offer and acceptance the parties intended to refer to the telegram of unknown date as a warranty. This was a question of fact for the jury. The finding upon this fact is not manifestly erroneous.

An offer to prove that the defendants had paid the freight was properly excluded.

On exceptions and motion. An action of assumpsit to recover eight hundred dollars which plaintiff alleged defendant promised to pay for a car-load of horses owned by plaintiff but in the possession of the Grand Trunk Railway Company at Yarmouth Junction. The defendant pleaded a breach of warranty. The case was tried before a jury and a verdict for $822.27 was rendered for plaintiff. The defendant offered a check given in payment of the freight on the

car from Wyoming to Yarmouth Junction, which was excluded by the presiding Justice and defendant excepted, and also filed a general motion for a new trial.   Motion and exceptions overruled.

The case is sufficiently stated in the opinion.

*Verrill, Hale, Booth & Ives*, for plaintiff.

*Howard Davies*, for defendant.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J.   The defendants, horse dealers at Yarmouth, Maine, by telegram dated September 20, 1921, ordered the plaintiff, a horse dealer at Gillette, Wyoming, to buy for them a car-load of horses.   The kind of horses desired was specified in the order.   In due time the plaintiff shipped a car-load of horses to the defendants and drew a draft upon them for the price, $1,625.

The defendants refused to pay for, or receive, the horses, for the alleged reason that they were not of the kind and quality ordered. They left the animals in possession of the railroad company. Whether the horses did or did not conform to the order is not in question now, for a new and substituted contract was made which is the subject of this suit.

The defendants having made some examination of the horses in the hands of the railroad company, on October 8th, telegraphed the plaintiff as follows:

"Condition of horses at present time one lame behind two lame in front several with cuts and bruises ten tails chewed off four very wild mostly all shipped bad several too small for this country I will give eight hundred dollars pay freight and expenses for them would prefer to sell them for your account and give my time free of charge you collect the damage from the railroad answer."

After some further telegraphic correspondence, not changing the situation, the plaintiff on October 11, 1921, accepted the offer contained in the above quoted telegram.

The defendants not having paid the $800, promised, and having refused to make payment, this suit was brought to recover said sum. A verdict was rendered for the plaintiff and the defendants bring the case forward on motion and exceptions.

The defendants' ground for refusing to pay the agreed price of $800 is as follows: At some time (the date does not appear) the plaintiff sent a telegram to the defendants in which he used the sentence, "Horses I shipped were good work horses." The defendants say that this language constitutes a warranty that the horses were good work horses; that in making the offer of October 8 they relied, and were entitled to rely, upon this guaranty; that the horses were not good work horses, and therefore that they, the defendants, are justified in refusing payment. In the offer and acceptance of October 8th and 11th, the parties may have intended to refer to the telegram of unknown date and to adopt the language contained in it as a warranty. But it cannot be assumed as a matter of law that this is true. This issue was apparently submitted to a jury together with other issues of fact, and the verdict was in favor of the plaintiff. No manifest error appears. The $800 offered and accepted was about $34 each, plus freight, for the horses. The jury may well have believed that in a sale and purchase at that price no warranty was intended, but that both parties contemplated the sale of the horses as they were, with all their imperfections on their heads.

The motion must be overruled.

The defendants offered to prove by receipts that they had paid the freight. To the exclusion of this testimony they excepted. Their promise was to pay $800, plus freight. When a defendant has promised to pay two sums, and is sued for nonpayment of one, it is immaterial that he has paid the other.

*Motion and exceptions overruled.*